IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
MAR 28 2012
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

CHAD LOCHRIDGE, HEATHER
LOCHRIDGE, EVERETTE LOCHRIDGE,
TWYLA LOCHRIDGE and KEVIN
KORNEGAY, Each Individually and on
behalf of all persons similarly situated,

    Plaintiffs,

vs.

LINDSEY MANAGEMENT CO., INC.,
and JAMES E. LINDSEY,

    Defendants.

First Amended and Substituted
Complaint—Collective Action

Civil Action No. 12-cv-05047

## FIRST AMENDED AND SUBSTITUED COMPLAINT

COME NOW Plaintiffs Chad Lochridge, Heather Lochridge, Everette Lochridge, Twyla Lochridge and Kevin Kornegay, individuals who are residents of Alabama and who were employed by Lindsey Management Co., Inc., and James E. Lindsey (collectively "Defendants") at apartment complexes in Tuscaloosa, Alabama, and Starkville, Mississippi, by and through their attorneys Anne Milligan and Josh Sanford of Sanford Law Firm, PLLC. Plaintiffs have sought leave of the Court to be represented by Mr. David Hughes of Tuscaloosa, Alabama, as well. See Doc. No. 3. Plaintiffs have filed this action for themselves individually and on behalf of all similarly situated current and former employees against Defendants for past and ongoing wages owed in the nature of unpaid overtime, as well as other damages and remedies. Plaintiffs contend that Defendants violated and continue to violate the Fair Labor Standards Act of 1938

("FLSA"), as amended, 29 U.S.C. §§ 201, *et seq.* The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

I.

## INTRODUCTION

1. Plaintiffs have not yet obtained service on any Defendant herein; no Defendant herein has filed an answer or other responsive pleading.

2. Plaintiffs have the right pursuant to Rule 15 of the FRCP to amend the Original Complaint filed herein without leave of Court.

3. The purpose of this First Amended and Substituted Complaint is to add Plaintiff Kevin Kornegay.

4. This is a collective action brought by Plaintiffs Chad Lochridge, Heather Lochridge, Everette Lochridge, Twyla Lochridge and Kevin Kornegay, each on their own behalf and on behalf of others similarly situated, defined below, against Defendant.

5. Plaintiffs bring this action for declaratory judgment, damages, back-pay, restitution, liquidated damages, civil penalties, prejudgment interest, and any other relief that the Court deems just and reasonable under the circumstances.

II.

## JURISDICTION AND VENUE

6. Jurisdiction over Plaintiffs' FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

8. At all relevant times herein, Defendants' business activities were/are related and performed through unified operations or common control for a common business purpose and constituted/constitute an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r)

9. At all relevant times herein, Defendants employed and continue to employ persons in its place of business in furtherance of the activities of the above enterprise while engaged in commerce and, also at all relevant times herein, Defendants engaged and continue to engage in commerce by handing, selling, and/or working on good or materials that have been moved in, or produced for, commerce.

### III.

### RELEVANT TIME PERIOD

10. The FLSA permits Plaintiffs to recover unpaid wages and liquidated damages for up to three years prior to the commencement of their lawsuit and the period of additional time, if any, that Plaintiffs and other similarly situated employees' claims were tolled and extended by agreement of Defendants, by equity, or by operation of law.

### IV.

### PARTIES

11. Plaintiff Chad Lochridge is an individual currently residing in Tuscaloosa, Alabama. He was formerly employed by Defendants as a Community Director at the Links at Tuscaloosa, Alabama at all times relevant to this Complaint and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

12. Plaintiff Heather Lochridge is an individual currently residing in Tuscaloosa, Alabama. She was formerly employed by Defendants as a Community Director at the Links at Tuscaloosa, Alabama at all times relevant to this Complaint and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

13. Plaintiff Everette Lochridge is an individual currently residing at 1127 Lakewood Drive, Northport, Alabama 35473, Alabama. He was formerly employed by Defendants as a Community Director at The Links at Starkville, Mississippi at all times relevant to this Complaint and, pursuant to 29 U.S.C. § 216(b), he has consented in writing to being a Plaintiff in this action

14. Plaintiff Twyla Lochridge is an individual currently residing at 1127 Lakewood Drive, Northport, Alabama 35473, Alabama. She was formerly employed by Defendants as a Community Director at the Links at Starkville, Mississippi at all times relevant to this Complaint and pursuant to 29 U.S.C. § 216(b), she has consented in writing to being a Plaintiff in this action.

15. Plaintiff Kevin Kornegay is an individual currently residing at 11865 Skelton Road, Duncanville, Alabama 35456. He was employed by Defendants as a maintenance manager at the Links at Tuscaloosa, Alabama, from approximately January 11, 2010 through January 31, 2012. He has consented in writing to being a Plaintiff in this action.

16. Defendant Lindsey Management Co., Inc., is an Arkansas corporation headquartered in Fayetteville with offices throughout the southeast United States that

operates apartment complexes throughout the United States, including in this judicial district.

17. Defendant Lindsey Management Co., Inc., employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

18. Defendant Lindsey Management Co., Inc., has an annual gross of business that exceeds $500,000.00.

19. Defendant Lindsey Management Co., Inc., should be served by its registered agent for service, namely D. SCOTT ROGERSON, 200 E. JOYCE BLVD., 6TH FLOOR, FAYETTEVILLE, AR 72703

20. Defendant James E. Lindsey is the chairman of Lindsey Management Co, Inc. and is an individual over twenty-on (21) years of age.

21. James E. Lindsey is, upon information and belief, a resident of Arkansas. At all times relevant to the claims made the basis of this suit, James E. Lindsey was the chairman of Lindsey Management Co., Inc. and had operational control over the day to day functions of the Plaintiffs and similarly situated employees as well as direct responsibility for the compensation of the Plaintiffs and similarly situated employees.

22. James E. Lindsey is engaged in commerce or in the production of goods for commerce as contemplated by 29 U.S.C. §§ 203(r), 203(s).

V.

## THE CLASS DEFINITION

23.     Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following class of potential opt-in litigants: all individuals employed by the Defendants as Community Directors or in a similarly titled position in the United States from the three years preceding the date of the filing of this Complaint.

VI.

## FACTS

24.     Plaintiffs adopt by reference each and every material averment set out above as if fully set forth herein.

25.     Plaintiffs Everette and Twyla Lochridge began work with Defendants in or about October 2007 and were terminated on or about March 2, 2011. Plaintiffs Heather and Chad Lochridge began work with Defendants in or about March 2009. Chad was terminated in or about October 2010; Heather was reassigned in July 2011.

26.     All Plaintiffs except for Plaintiff Korneygay worked for the Defendants as Assistant Managers on an hourly basis before becoming Community Directors. When the Plaintiffs became Community Directors, they were paid a salary of approximately $455 per week, plus bonuses; however, even as so-called salaried employees, Plaintiffs were still performing the same duties as when they were paid hourly, and still had no independent discretion but simply implemented corporate decisions and specific procedures.

27.     Plaintiff Kornegay replaced Plaintiff Chad Lochridge in essentially the

same position when Chad was removed from Defendants' employ; however, Kornegay's title was denominated as "maintenance manager" by Defendant.

28. Defendants' customary practice was to have the Plaintiffs work 60 or more hours per week, for which, as an hourly employee, they would have received overtime for all hours in excess of 40. As an alleged salaried employee, they were only paid at or near $455 for 40 hours per week despite working 60 or more hours per week. None of the hours which they worked over 40 in a workweek were paid at an overtime rate.

29. The Defendants, despite direct knowledge of the Plaintiff's additional work hours, only paid the Plaintiffs for 40 hours per week. Further, the Plaintiffs were not paid an appropriate overtime rate for the hours that they worked over 40 in a workweek. This resulted in the Plaintiff working many hours that were not compensated at all, much less at time and a half rate for overtime hours.

30. Throughout Plaintiff's employment, Plaintiffs regularly were required to work at least 20 to 30 hours of overtime per week.

31. Defendants have refused to pay Plaintiff any pay for hours worked beyond 40, much less an overtime rate of 1.5 times their regular rate for hours worked over 40 in a workweek.

32. The named Plaintiffs are situated similarly to a number of current and former employees of the Defendants who work or have worked as Community Directors or in similar non-exempt positions during the three years immediately preceding the filing of this lawsuit.

33. The unnamed Plaintiffs have the same or closely similar job duties as the

named Plaintiffs and all Plaintiffs were paid by Defendants in the same manner in violation of the FLSA. Accordingly, the named Plaintiffs are representative of all Plaintiffs employed as Community Directors or other similar non-exempt positions involving the maintenance of the Defendants' apartments.

34. The terms and conditions of employment with the Defendants that applied to Plaintiffs were similarly applied to the other Community Directors. Plaintiffs and other Community Directors were paid in a similar fashion for work they performed for Lindsey Management.

## VII.

## COUNT ONE:

### A. FLSA OVERTIME VIOLATIONS

35. Plaintiff adopts by reference each and every material averment set out above as if fully set forth herein.

36. Defendants have failed and refused to comply with the FLSA's wage requirements by failing to pay Plaintiffs for all of their hours worked and at one and one half the regular hourly rate per hour for hours worked in excess of forty hours per week during Plaintiffs' employment as described in this Complaint.

37. Defendant's failure to pay overtime for all hours worked in a workweek or time and a half pay for time over 40 hours in a workweek, is impermissible under the FLSA.

38. Defendants have failed to properly pay Plaintiffs for at least three years preceding the filing of this complaint.

39. Defendants' willful violations have caused financial damage to the Plaintiff, consisting of loss of pay.

40. There are numerous other similarly situated employees and former employees of the Defendants who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to the Defendants and are readily identifiable and locatable through their records. Specifically, all current and former employees of the Defendants who have been employed by them as Community Directors or Maintenance Managers and have not been compensated for the same would benefit from Court-Supervised Notice and the opportunity to join the present lawsuit and should be so notified.

41. At all material times herein, Plaintiffs and others similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA.

42. The Defendants violated the FLSA by failing to pay overtime compensation to the named Plaintiffs as well as others similarly situated.

43. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

44. The Defendants were, and are, subject to the overtime pay requirements of the FLSA because it, as an enterprise, and its employees are engaged in commerce.

45. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of

employees from overtime pay obligations. None of the FLSA exemptions apply to the Plaintiffs or to similarly situated employees; accordingly, Plaintiffs and all similarly situated employees must be paid overtime pay in accordance with the FLSA.

46. Defendants' failure to accurately pay overtime was, and is, willfully perpetrated. Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

47. Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate as well as reimbursement of their costs, attorneys' fees, and expenses incurred.

48. As a result of these willful violations of the FLSA's overtime provisions; overtime compensation has been unlawfully withheld by the Defendants from Plaintiffs for which the Defendants are liable pursuant to 29 U.S.C. § 216(b).

## COUNT TWO:

### B. UNJUST ENRICHMENT

49. Plaintiffs adopt by reference each and every material averment above as if fully set forth herein.

50. Defendants have received and benefited from the uncompensated labors of Plaintiffs, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

51. At all relevant times hereto, Defendants devised and implemented a plan to increase their earnings and profits by fostering a scheme of securing work from Plaintiffs without paying overtime compensation for all hours worked.

52. Contrary to all good faith and fair dealing, Defendants induced Plaintiffs to perform work during the day while failing to pay the overtime compensation for all hours worked.

53. By reason of having secured the work and efforts of Plaintiffs without paying the overtime compensation, Defendants enjoyed reduced overhead with respect to their labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiffs. Defendants retained and continue to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

54. Accordingly, Plaintiffs are entitled to judgment in an amount equal to the benefits unjustly retained by Defendants.

WHEREFORE, premises considered, Plaintiffs Chad Lochridge, Heather Lochridge, Everette Lochridge, Twyla Lochridge and Kevin Kornegay , each individually and on behalf of others similarly situated, respectfully pray for the following relief: That at the earliest possible time, they be allowed to give notice, or that the Court issue such Notice, to all Defendants' employees similarly situated to Plaintiffs in all locations with the United States during the three years immediately preceding the filing of their suit informing those similarly situated of this action; that Plaintiffs be awarded damages in the amount unpaid overtime compensation and benefits, plus an equal amount of

liquated damages pursuant to 29 U.S.C. § 216(b), and prejudgment interest; that Plaintiffs be awarded their reasonable attorney's fees, including the costs and expenses of this action; and that Plaintiffs be awarded such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief to which they may be entitled and that this Court deems equitable, proper and just.

**PLAINTIFFS REQUEST A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully Submitted,

**CHAD LOCHRIDGE, HEATHER LOCHRIDGE, EVERETTE LOCHRIDGE, TWYLA LOCHRIDGE and KEVIN KORNEGAY, Each Individually and on Behalf of Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S SHACKLEFORD STE 400
LITTLE ROCK, AR 72211
PHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Anne Milligan
Ark Bar No. 2010263
anne@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com