```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                    FAYETTEVILLE DIVISION
```

CHAD LOCHRIDGE; HEATHER LOCHRIDGE;
EVERETTE LOCHRIDGE; TWYLA LOCHRIDGE;
KEVIN KORNEGAY; LINDA DANFORTH;
RAY DANFORTH; PATRICIA LEACH; DEBRA
McKEE; BRIAN McKEE; PATSY PICKEL;
STEVEN PICKEL; CARLIS SMITH; LYDIA
SMITH; REBECCA SMITH; JUDY KATHRYN
HALE; SHERRY JENKINS; PEARSON JENKINS;
and RYAN AGEE, each individually and
on behalf of all persons similarly situated                    PLAINTIFFS

           v.             Civil No. 12-5047

LINDSEY MANAGEMENT CO., INC.; and
JAMES E. LINDSEY                                               DEFENDANTS

## O R D E R

Now on this 4th day of January, 2013, comes on for consideration the following:

* plaintiffs' **Motion For Certification Of Collective Action, For Disclosure Of Contact Information For Potential Opt-In Plaintiffs, And To Send Court-Approved Notice** ("Motion for Certification")(document #45);

* plaintiffs' **Amended Motion For Certification Of Collective Action, For Disclosure Of Contact Information For Potential Opt-In Plaintiffs, And To Send Court-Approved Notice** ("Amended Motion For Certification") (document #49); and

* **Defendants' Motion For Leave To File Sur-Reply In Opposition To Plaintiffs' Amended Motion For Certification Of Collective Action, For Disclosure Of Contact Information For

**Potential Opt-In Plaintiffs, And To Send Court-Approved Notice** (document #55),

and from said motions, and the responses thereto, the Court finds and orders as follows:

1. Plaintiffs allege that defendants violated -- and continue to violate -- the Fair Labor Standards Act ("FLSA"), **29 U.S.C. §§ 201 *et seq*.** They contend that defendants failed to pay them, and other similarly situated employees, for all hours worked, and failed them overtime wages as required by the FLSA. They purport to represent themselves and other similarly-situated individuals employed by defendants.

Defendants have answered, denying the material allegations of the Complaint and the several amended complaints that have been filed.

Plaintiffs now move (a) to certify a class, (b) for discovery of potential class members and their contact information, and (c) for approval of a form of notice to be used to notify potential class members of this action. Defendants oppose the motion.

2. In the Third Amended And Substituted Complaint plaintiffs allege -- and defendants do not deny -- that defendant Lindsey Management Co. ("Lindsey Management") is a property management firm managing apartments in Arkansas, Alabama, Kansas, Mississippi, Missouri, Nebraska, Oklahoma, and Tennessee. Plaintiffs identify themselves as Community Directors "or some

similar position," Assistant Managers, or Maintenance Managers[1] of apartment communities managed by Lindsey Management.

The Third Amended And Substituted Complaint alleges that plaintiffs seek to represent three classes of plaintiffs, all of whom are or have been employed by defendants since March 15, 2009:

* Community Directors/Residence Managers;

* Assistant Managers; and

* Maintenance Men/Maintenance Managers.

3. In the pending motion, plaintiffs have dropped the third of these classifications. They move for certification of two classes, described as follows:

> All current and former employees of Defendant, who were employed as Community Directors, Resident Managers, or Assistant Managers in Alabama, Arkansas, Kansas, Mississippi, Missouri, Nebraska, Oklahoma or Tennessee at any time during the three (3) years preceding the filing of Plaintiffs' Complaint on March 15, 2012, who were misclassified as salaried exempt from the overtime provisions of the FLSA and who are accordingly entitled to be paid for all of their hours in excess of forty (40) hours each week;
>
> and
>
> All current and former employees of Defendant, who were employed as Community Directors, Resident Managers, or Assistant Managers in Alabama, Arkansas, Kansas, Mississippi, Missouri, Nebraska, Oklahoma or Tennessee at any time during the three (3) years preceding the filing of Plaintiffs' Complaint on March 15, 2012, who were hourly employees of Defendant but who were not paid regular wages and overtime compensation for hours they worked in excess of forty (40) hours each week.

---

[1] One plaintiff, Linda Danforth, is identified as a "Floater at various apartment complexes." Another, Judy Katherine Hale, is identified as a "Sales Specialist." These terms are not defined.

-3-

4.   The FLSA contains provisions relating to the minimum acceptable wages to be paid to hourly employees, and penalties for failing to pay them appropriately.  A private right of action is provided in **29 U.S.C. § 216(b)**, to-wit,

> [a]n action . . . against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

A suit under this "opt in" provision is known as a collective action, distinguishing it from a class action under the "opt out" provisions of **F.R.C.P. 23**.  See **Schmidt v. Fuller Brush Co., 527 F.2d 532 (8th Cir. 1975)**.

5.   Collective actions have generated their own body of law, including the Supreme Court's decision in **Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165 (1989)**, which is particularly instructive in the instant case.

**Hoffmann** was an ADEA case, but it considered the provisions of **§ 216(b)** because they are incorporated into the ADEA remedial scheme.  The narrow question presented was "whether, in an ADEA action, district courts may play any role in prescribing the terms and conditions of communication from the named plaintiffs to the potential members of the class on whose behalf the collective action has been brought."  The holding was that "district courts

have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . as incorporated by 29 U.S.C. § 626(b) . . . in ADEA actions by facilitating notice to potential plaintiffs." **493 U.S. at 169.**

In explaining its decision, the Court said:

Congress has stated its policy that ADEA plaintiffs should have the opportunity to proceed collectively. A collective action allows age discrimination plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity.

These benefits, however, depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate. Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure. It follows that, once an ADEA action is filed, the court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way.

**493 U.S. at 170-71.**

6. Defendants object to the certification of any classes in this matter, contending that plaintiffs have failed to show

 \*   that the members of the proposed classes have been subjected to a common policy;

 \*   that questions common to the classes predominate over individual issues; and

\*     that the named plaintiffs are similarly situated to the proposed classes.

Defendants contend that the various affidavits and declarations submitted in connection with the motions show that "the putative class members work in different communities, hold different job titles, perform different job duties, have different job responsibilities, oversee different staffing, and work under different supervisors."

7.     In light of the importance of seeing to proper notice at an early stage of collective action litigation, the Court is inclined to agree with plaintiffs that the determination of whether a class of plaintiffs is similarly situated for purposes of **§ 216(b)** lends itself to the two-step class certification procedure described -- although not specifically adopted -- in **Mooney v. Aramco Service Co.**, 54 F.3d 1207 (5th Cir. 1995), **overruled on other grounds**, **Desert Palace, Inc. v. Costa**, 539 U.S. 90 (2003):

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision -- usually based only on the pleadings and any affidavits which have been submitted -- whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action

> throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives -- i.e. the original plaintiffs -- proceed to trial on their individual claims.

**54 F.3d at 1213-14**.

The Third Circuit has specifically adopted this two-stage certification procedure, explaining in **Zavala v. Wal Mart Stores Inc.**, **691 F.3d 527, 536 (3rd Cir. 2012)** that

> the "conditional certification" is not really a certification. It is actually "'the district court's exercise of [its] discretionary ppower, upheld in *Hoffmann-La Roche* . . . to facilitate the sending of notice to potential class members,' and 'is neither necessary nor sufficient for the existence of a representative action under [the] FLSA'."

This procedure, in the Court's view, advances the "broad remedial goal" of the FLSA, which the Court in **Hoffmann** stated "should be enforced to the full extent of its terms." **493 U.S. at 165**.

8. The Court finds the affidavits and declarations submitted in support of the briefs on this issue sufficient to justify a conditional certification of the proposed classes. All

putative class members are or were employed by defendants to manage apartment communities for which Lindsey Management provides management services, apparently following detailed guidelines from the home office.  While those apartment communities vary in terms of the number of units, the title given to their managers and/or assistant managers, the amenities they provide, the number of support staff, their geographical locations, the identity of the regional supervisors, etc., the nature of the work of managers and assistant managers appears to vary but little.  They are employed to show and rent apartments, collect rent, keep records of the money, evict nonpaying tenants, keep the property clean and in good repair, troubleshoot for tenants, and make reports as necessary to the home office.

The Court considers this similarity sufficient for conditional certification, so as to allow the giving of notice to potential class members.

9. Having determined that the proposed classes should be conditionally certified, the Court turns to the issues surrounding the giving of notice.  Defendants did not address these issues in their briefs, focusing entirely on the class certification issue, and purporting, "in the event the Court orders conditional certification" to "reserve the right to file objections to Plaintiffs' proposed Notice."

(a) The Court finds the request for discovery in aid of

notice reasonable, given that it seeks information in defendants' possession that plaintiffs have little or no other way to obtain. Defendants will, therefore, be directed to produce the names and last known home, work, and e-mail addresses of individuals falling within the two conditionally certified classes within fourteen (14) days of the file date of this Order.

(b)  To the extent that defendants wish to propose changes to the Notice Of Right To Join Lawsuit and Consent To Become A Party Plaintiff, such changes should be filed with the Court within seven (7) days of the file date of this Order.  Such proposed changes need not be accompanied by any briefing, as the Court seeks only to present the clearest and most neutral information possible in these documents.

10.  Because it is herein granting the Amended Motion For Certification, the Court sees no need to address the Motion For Certification, and will deny that motion as moot.

The Court will grant defendants' Motion For Leave To File Sur-Reply.  There is no need for defendants to file the document attached to this motion.  The Court has read and fully considered the arguments advanced therein.

**IT IS THEREFORE ORDERED** that plaintiffs' **Motion For Certification Of Collective Action, For Disclosure Of Contact Information For Potential Opt-In Plaintiffs, And To Send Court-Approved Notice** (document #45) is **denied as moot.**


**IT IS FURTHER ORDERED** that plaintiffs' **Amended Motion For Certification Of Collective Action, For Disclosure Of Contact Information For Potential Opt-In Plaintiffs, And To Send Court-Approved Notice** (document #49) is **granted**, and the Court hereby **conditionally certifies** two classes of plaintiffs in this matter, described as follows:

> All current and former employees of Defendant, who were employed as Community Directors, Resident Managers, or Assistant Managers in Alabama, Arkansas, Kansas, Mississippi, Missouri, Nebraska, Oklahoma or Tennessee at any time during the three (3) years preceding the filing of Plaintiffs' Complaint on March 15, 2012, who were misclassified as salaried exempt from the overtime provisions of the FLSA and who are accordingly entitled to be paid for all of their hours in excess of forty (40) hours each week;
>
> and
>
> All current and former employees of Defendant, who were employed as Community Directors, Resident Managers, or Assistant Managers in Alabama, Arkansas, Kansas, Mississippi, Missouri, Nebraska, Oklahoma or Tennessee at any time during the three (3) years preceding the filing of Plaintiffs' Complaint on March 15, 2012, who were hourly employees of Defendant but who were not paid regular wages and overtime compensation for hours they worked in excess of forty (40) hours each week.

**IT IS FURTHER ORDERED** that defendants produce, within fourteen (14) days of the file date of this Order, the names and last known home, work, and e-mail addresses of individuals falling within the two conditionally certified classes.

**IT IS FURTHER ORDERED** that within seven (7) days of the file date of this Order, defendants file a document indicating any

proposed changes to the Notice Of Right To Join Lawsuit and Consent To Become A Party Plaintiff.

**IT IS FURTHER ORDERED** that **Defendants' Motion For Leave To File Sur-Reply In Opposition To Plaintiffs' Amended Motion For Certification Of Collective Action, For Disclosure Of Contact Information For Potential Opt-In Plaintiffs, And To Send Court-Approved Notice** (document #55) is **granted**.

**IT IS SO ORDERED.**

                                            /s/ Jimm Larry Hendren
                                            **JIMM LARRY HENDREN**
                                            **UNITED STATES DISTRICT JUDGE**