```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION
```

CHAD LOCHRIDGE; HEATHER LOCHRIDGE;
EVERETTE LOCHRIDGE; TWYLA LOCHRIDGE;
KEVIN KORNEGAY; LINDA DANFORTH;
RAY DANFORTH; PATRICIA LEACH; DEBRA
McKEE; DEBRA DIANN McKEE AS ADMINISTRATRIX
OF THE ESTATE OF BRIAN McKEE, DECEASED;
PATSY PICKEL; STEVEN PICKEL; CARLIS SMITH;
LYDIA SMITH; REBECCA SMITH; JUDY KATHRYN
HALE; SHERRY JENKINS; PEARSON JENKINS;
and RYAN AGEE, each individually and
on behalf of all persons similarly situated                 PLAINTIFFS

   v.   Civil No. 12-5047

LINDSEY MANAGEMENT CO., INC.; and
JAMES E. LINDSEY                                             DEFENDANTS

## O R D E R

Now on this 11th day of February, 2014, come on for consideration the following:

 * **Plaintiffs' Motion For Partial Summary Judgment Regarding The Inapplicability Of The Fluctuating Work Week Method** (document #264);

 * **Defendants' Motion For Summary Judgment Concerning Plaintiffs And Opt-In Plaintiffs' Purported Damages** (document #273);

 * **Plaintiffs' Motion For Summary Judgment Regarding The Inapplicability Of The Executive And Administrative Exemptions Under The FLSA** (document #283); and

 * plaintiffs' **Motion For Leave To File Late Exhibits In Support Of Plaintiffs' Motion For Summary Judgment Regarding The Inapplicability Of The Executive And Administrative Exemptions Under The FLSA** (document #286),

and from said motions, the responses thereto, and other matters appearing, the Court finds and orders as follows:

1. Plaintiffs brought this case as a putative collective action under the Fair Labor Standards Act ("FLSA"), alleging that defendants failed to pay them overtime wages for all hours worked over 40 hours in any given workweek.

2. Two classes of plaintiffs were conditionally certified, described as follows:

> All current and former employees of apartment communities managed by Lindsey Management Co., Inc., who were employed as Community Directors, Resident Managers, or Assistant Managers in Alabama, Arkansas, Kansas, Mississippi, Missouri, Nebraska, Oklahoma or Tennessee at any time during the three (3) years preceding the filing of Plaintiffs' Complaint on March 15, 2012, until the present who were paid on a salary basis;

and

> All current and former employees of apartment communities managed by Lindsey Management Co., Inc., who were employed as Community Directors, Resident Managers, or Assistant Managers in Alabama, Arkansas, Kansas, Mississippi, Missouri, Nebraska, Oklahoma or Tennessee at any time during the three (3) years preceding the filing of Plaintiffs' Complaint on March 15, 2012, until the present who were paid on an hourly basis.

These are referred to as the Salaried Class and the Hourly Class.

3. In early December, 2013, the Court was notified that the parties had settled the claims of the Hourly Class. The Court subsequently entered an Order decertifying the Salaried Class. The effect of these developments is that the remaining claims in this case are restricted to those of the named plaintiffs who fall into

the Salaried Class.

4.   In order to recover overtime compensation for unpaid hours over 40 in any given workweek, the plaintiffs will have to prove, among other things, that they were misclassified as employees who are exempt from the provisions of the FLSA under **29 U.S.C. § 213** and that they worked more than 40 hours in any given week. The motions now under consideration go directly to these issues.

These are fact-sensitive issues, and -- unless the facts are clear-cut and one-sided -- more appropriate for resolution by the trier of fact than by the Court on summary judgment. The Court has briefly reviewed the motions here under consideration, and finds that the issues are neither clear-cut nor one-sided. Further complicating matters, the motions were filed when there were two classes of opt-in plaintiffs, and are structured to account for that diversity.

Moreover, the parties strenuously contest every aspect of every issue raised by these motions, up to and including whether plaintiffs should be allowed to file exhibits supporting their Motion For Summary Judgment Regarding The Inapplicability Of The Executive And Administrative Exemptions Under The FSLA one day late due to technical difficulties.

5.   Under these circumstances, the Court finds that it would be a waste of judicial time to attempt resolution of the pending motions under the summary judgment rubric. That being the case, the motions will be denied, such denial not to prejudice in any way the

presentation of the claims or defenses relating to the remaining plaintiffs who fall into the now decertified Salaried Class.

**IT IS THEREFORE ORDERED** that **Plaintiffs' Motion For Partial Summary Judgment Regarding The Inapplicability Of The Fluctuating Work Week Method** (document #264) is **denied.**

**IT IS FURTHER ORDERED** that **Defendants' Motion For Summary Judgment Concerning Plaintiffs And Opt-In Plaintiffs' Purported Damages** (document #273) is **denied.**

**IT IS FURTHER ORDERED** that **Plaintiffs' Motion For Summary Judgment Regarding The Inapplicability Of The Executive And Administrative Exemptions Under The FLSA** (document #283) is **denied.**

**IT IS FURTHER ORDERED** that plaintiffs**' Motion For Leave To File Late Exhibits In Support Of Plaintiffs' Motion For Summary Judgment Regarding The Inapplicability Of The Executive And Administrative Exemptions Under The FLSA** (document #286) is **denied.**

**IT IS SO ORDERED.**

      /s/ Jimm Larry Hendren
      JIMM LARRY HENDREN
      UNITED STATES DISTRICT JUDGE