IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| **CHAD LOCHRIDGE; EVERETTE LOCHRIDGE;** **TWYLA LOCHRIDGE; PATRICIA LEACH;** **CARLIS SMITH; LYDIA SMITH; and** **REBECCA SMITH** | **PLAINTIFFS** |
| V.    CASE NO. 5:12-CV-5047 | |
| **LINDSEY MANAGEMENT CO., INC.** | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER**

Currently before the Court are two separate Bills of Costs (Docs. 359 and 375). The first Bill of Costs (Doc. 359) was filed in this Court[1] by Defendant Lindsey Management Co., Inc. ("Lindsey") after it prevailed in a jury trial of Plaintiffs' individual claims, made pursuant to the Fair Labor Standards Act ("FLSA"). In this Bill of Costs, Lindsey requested $22,687.51, of which $21,087.25 was attributable to costs for deposition transcripts, and $1,600.26 was for costs of photocopies, scanning, and the production of demonstrative boards used during the trial. Judge Hendren denied this first Bill of Costs, and Lindsey appealed that denial to the Eighth Circuit. The Court of Appeals reviewed the matter and found error in denying costs based solely on the district court's assumption that the FLSA did not contemplate an employer recovering costs if it prevailed at trial. The issue of costs was therefore remanded "for consideration of whether costs should be awarded under Rule 54(d)(1)." *See* Doc. 373-2, p. 5.

The case was referred to the undersigned after remand, and Lindsey filed a second

---

[1] The Honorable Jimm Larry Hendren presiding.

1

Bill of Costs (Doc. 375), now requesting reimbursement of the costs it incurred on appeal. The second Bill of Costs requested $4,323.20. Part of this request, $812.85 for filing fees and copying costs, was already approved by the Eighth Circuit. *See* Doc. 374. The rest of the request, $3,510.35 for the cost of the trial transcript that Lindsey submitted along with its appeal brief, is a matter left to the discretion of this Court.

As will be explained in further detail below, Lindsey's first and second Bills of Costs (Docs. 359 and 375) are each **GRANTED IN PART AND DENIED IN PART**.

## I. BACKGROUND

This case was filed on March 15, 2012, asserting FLSA claims individually and on behalf of a class of Lindsey employees. The individual plaintiffs listed in the original complaint were Chad Lochridge, Everette Lochridge, Twyla Lochridge, and Heather Lochridge. (Doc. 1). An Amended and Substituted Complaint was filed on March 28, 2012 (Doc. 4), adding one more individual plaintiff, Lindsey employee Kevin Kornegay. A Second Amended and Substituted Complaint was filed on June 28, 2012 (Doc. 16), and still more individual plaintiffs were added to the lawsuit: Linda Danforth, Ray Danforth, Patricia Leach, Debra McKee, Brian McKee,[2] Patsy Pickel, Steven Pickel, Carlis Smith, Lydia Smith, and Rebecca Smith. On August 16, 2012, a Third Amended and Substituted Complaint was filed (Doc. 36), which removed plaintiff Ray Danforth and added new plaintiffs Judy Kathryn Hale, Sherry Jenkins, Pearson Jenkins, and Ryan Agee.

On February 4, 2013, the Court conditionally certified two collective-action classes. *See* Doc. 61. However, on December 10, 2013, the Court decertified one of the classes

---

[2] Brian McKee passed away during the course of the litigation, and his wife Debra McKee, who was already a named plaintiff, was later substituted in his place. *See* Doc. 312.

on Lindsey's motion.  *See* Doc. 313.  This left for trial the claims of one class of hourly workers, plus the individual claims of the 18 named plaintiffs.  Approximately a month before the scheduled trial, a settlement was reached between: (1) Lindsey and the class, and (2) Lindsey and 11 of the 18 plaintiffs.  The Court approved this settlement on April 7, 2014.  (Doc. 325).  This left for trial only the individual claims of the remaining seven plaintiffs: Chad Lochridge, Everette Lochridge, Twyla Lochridge, Patricia Leach, Carlis Smith, Lydia Smith, and Rebecca Smith.

On September 26, 2014, following a five-day trial, the jury returned a verdict in favor of Lindsey.  Fourteen days later, on October 10, 2014, Lindsey filed its first Bill of Costs (Doc. 359) relating to trial expenses.  This Bill of Costs requested reimbursement of a grand total of $22,687.51, which included the following:  (1) the costs of deposing seven former plaintiffs who settled before trial and never testified at trial;[3] (2) the costs of deposing one former plaintiff who settled before trial but also testified at trial;[4] (3) the costs of deposing all seven individual plaintiffs who went to trial;[5] (4) the costs of deposing testifying witnesses Betsy Fox ($129.25 and $138.00, for two depositions), Job Branch

---

[3]  These settling plaintiffs and their deposition costs are as follows:  (1) $1,317.00 for the deposition of Ryan Agee; (2) $1,136.50 for the deposition of (Judy) Kathryn Hale; (3) $1,171.50 for the deposition of Pearson Jenkins; (4) $1,329.50 for the deposition of Sherry Jenkins; (5) $801.90 for the deposition of Kevin Kornegay; (6) $1,780.50 for the deposition of Heather Lochridge; and (7) $1,400.00 for the deposition of Patsy Pickel. (Doc. 359-1).

[4]  That former plaintiff was Linda Danforth, whose deposition cost $1,375.10.  *Id.*

[5]  The deposition costs for the plaintiffs who went to trial are: (1) $1,030.00 for the deposition of Chad Lochridge, (2) $1,173.00 for the deposition of Everette Lochridge, (3) $1,615.50 for the deposition of Twyla Lochridge, (4) $1,559.00 for the deposition of Patricia Leach, of which $30.00 was for "FedEx Overnight Processing and Delivery," (5) $1,133.00 for the deposition of Carlis Smith, (6) $1,902.50 for the deposition of Lydia Smith, and (7) $1,512.50 for the deposition of Rebecca Smith.  *Id.*

($393.50), and Anne Martin ($189.00); (5) the costs of photocopies, scanning, tabs, the creation of a CD, and a "project management" fee ($1,030.96 total); and (6) the costs associated with the assembly of demonstrative boards used at trial ($1,263.55). *See* Docs. 350, 359-1.

Plaintiffs filed Objections (Doc. 360) to the first Bill of Costs, arguing that the Court should exercise its discretion and deny Lindsey's request in its entirety, since the trial Plaintiffs' claims were brought in good faith, and it would be manifestly unfair to burden them with costs after they sued to vindicate their rights under a remedial statute. Further, Plaintiffs argued that if the Court decided to tax some of the costs, others, such as the costs of deposing those plaintiffs who settled before trial and never testified, should be disallowed. Lindsey filed a Response (Doc. 361) to Plaintiffs' Objections, in which Lindsey argued that Plaintiffs had failed to present any evidence of special hardship, and thus had failed to defeat the presumption that costs are recoverable to the prevailing party under Rule 54(d). As for the deposition costs of the former plaintiffs who settled before trial, Lindsey argued that it was entitled to these costs because the former plaintiffs worked with all those who went to trial, and the former plaintiffs' depositions therefore cannot be said to have had "no relevance or relation to this case." (Doc. 361, p. 5). Plaintiffs filed a Reply (Doc. 362) to Lindsey's Response, in which Plaintiffs reiterated that the deposition testimony of the settling plaintiffs was not reasonably necessary for the purpose of proving the claims of the seven who went to trial.

After considering the parties' arguments, Judge Hendren issued an Order (Doc. 363) denying Lindsey's first Bill of Costs in its entirety. He reasoned that the FLSA's broad, remedial purpose, coupled with the fact that the statute does not require prospective

plaintiffs to be notified that they may be responsible for the defendant's costs if they lose, tends to indicate that a successful defendant in an FLSA case should not recover its costs. In ruling against Lindsey, the Court interpreted the FLSA's silence on the matter:

> The FLSA authorizes the recovery of costs by successful plaintiffs, but does not mention such recovery by successful defendants. A generous reading of the fee shifting provision in favor of employees suggests that they should not face taxation of costs if their suit is unsuccessful. The prospect that costs might be taxed against an unsuccessful plaintiff would undoubtedly dampen enthusiasm for seeking remedies under the law, thus undermining the FLSA's remedial purposes.

*Id.* at p. 4. The Court did not reach the question of whether costs would otherwise be taxable under the traditional analysis of Rule 54(d)(1), which codifies a rebuttable presumption that a prevailing party is entitled to be recompensed for its costs. *See Leonard v. Sw. Bell Corp. Disability Income Plan*, 408 F.3d 528, 533 (8th Cir. 2005) (citing *Martin v. DaimlerChrysler Corp.*, 251 F.3d 691, 696 (8th Cir. 2001)).

As noted previously, Lindsey appealed the Court's decision to deny costs, arguing that the FLSA's silence on the issue of whether a defendant may recover costs does not preclude the Court from making that award under Rule 54(d). The Court of Appeals agreed with Lindsey, and now this Court's task is to assess whether, in the Court's discretion, costs should be awarded under Rule 54(d).

After the case was remanded, Lindsey filed a second Bill of Costs (Doc. 375), seeking to recover $812.85 in copying and filing fees spent on the appeal, and $3,510.35 for the cost of the transcript of the five-day jury trial, which Lindsey submitted along with its appellate briefing. The Eighth Circuit granted the $812.85 request for costs. With respect to the $3,510.35 request directed to this Court for reimbursement of the trial transcript, Plaintiffs filed an Objection (Doc. 376), arguing that the transcript was not

needed on appeal, as the sole issue for the Eighth Circuit was one of statutory interpretation. Lindsey thereafter filed a Response (Doc. 378) to Plaintiffs' Objections, citing to the case of *Murphy v. L&J Press Corp.*, 577 F.2d 27, 29 (8th Cir. 1978), and maintaining that the cost of the transcript here was properly undertaken, just as it was in the *Murphy* case. However, a close reading of *Murphy* shows that the parties there cited extensively to the trial transcript in their appellate briefing, and they agreed that it was necessary to prepare the trial transcript to submit to the Eighth Circuit on appeal. *Id.* The Eighth Circuit in *Murphy* also concurred that "there is little doubt that a transcript was advisable for the appeal." *Id.* at 29. By contrast, Lindsey and the Plaintiffs *disagree* that a copy of the trial transcript was necessary on appeal, and the Eighth Circuit did not cite to the trial transcript *at all* in its opinion on costs. *See* Doc. 373-2.

## II.  LEGAL STANDARD.

According to Rule 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  The costs available under the Rule are itemized at 28 U.S.C. § 1920 and are limited to:  (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification[6] and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of

---

[6] "Exemplification" typically refers to demonstrative evidence, such as maps, charts, models, and graphic aids.  *See Cefalu v. Vill. of Elk Grove*, 211 F.3d 415, 427 (7th Cir. 2000).

interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

Not all expenses of litigation are costs taxable against the losing party, and within the costs eligible to be taxed, the district court has discretion in determining and awarding costs in a given case. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); *Pershern v. Fiatallis N. Am., Inc.*, 834 F.2d 136, 140 (8th Cir. 1987). The losing party bears the burden of proving that an award is inequitable under the circumstances. *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002); *see also 168th and Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir. 2007) (finding that a prevailing party is presumptively entitled to recover all of its costs, and the losing party must suggest a rationale under which the district court's actions constitute an abuse of discretion).

Certain costs incurred on appeal are taxable in the district court according to Federal Rule of Appellate Procedure 39(e). These costs include: (1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal. In the case at bar, Lindsey submitted to the Court of Appeals a Motion for Bill of Costs in the amount of $812.85—which did not include the cost of the trial transcript it now seeks to obtain from this Court. Plaintiffs filed Objections in the Eighth Circuit to Lindsey's $812.85 request, *see Lochridge, et al. v. Lindsey Management Co., Inc.*, Case No. 14-3799 (8th Cir. 2016), but the Court of Appeals awarded these costs, nonetheless. *See* Doc. 374. The Court of Appeals was not asked

by Lindsey to consider whether the cost of the trial transcript that Lindsey submitted along with its appeal should also be taxed.

In considering the boundaries of the Court's discretion to tax costs, the burden rests with the losing party—in this case, Plaintiffs—to show they are either incapable of paying costs that are otherwise properly recoverable, or else that they would suffer undue hardship if ordered to pay costs. Helpful guidance as to these issues is offered by Wright & Miller, as follows:

> In keeping with the discretionary character of the rule, the federal courts are free to pursue a case-by-case approach and to make their decisions on the basis of the circumstances and equities of each case. On the other hand, the court is not likely to exercise its discretion to deny costs to the prevailing party in the absence of a persuasive reason for doing so, particularly when the losing party is capable of paying the costs. The burden is on the unsuccessful party to show circumstances that are sufficient to overcome the presumption in favor of the prevailing party.
>
> Thus . . . the court may take into account the losing party's inability to pay costs, but the party must provide sufficient evidence to establish that inability or undue hardship to avoid paying costs, and other courts have ruled that a disparity in wealth between the parties without undue hardship also is not a sufficient ground to deny costs. If the court denies costs, it must state the reasons for doing so to allow for review.

10 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 2668, at 235-240 (4th ed. 2014).

### III.  DISCUSSION

### A.  First Bill of Costs (Doc. 359) Relating to Trial Expenses

#### 1.  Deposition Transcripts

The Court has reviewed the parties' briefing and the entire record of the case and finds that, pursuant to 28 U.S.C. § 1920, the costs of the transcripts of the former plaintiffs

who settled with Lindsey well prior to trial and did not testify at trial cannot be considered depositions that were "necessarily obtained" for use in the trial of the individual claims of Plaintiffs Chad Lochridge, Everette Lochridge, Twyla Lochridge, Patricia Leach, Carlis Smith, Lydia Smith, and Rebecca Smith.  Therefore, the Court **DENIES** Lindsey's first Bill of Costs as to the deposition costs for Ryan Agee ($1,317.00), (Judy) Kathryn Hale ($1,136.50), Pearson Jenkins ($1,171.50), Sherry Jenkins ($1,329.50), Kevin Kornegay ($801.90), Heather Lochridge ($1,780.50), and Patsy Pickel ($1,400.00).

The deposition costs of the Plaintiffs who went to trial, as well as the depositions of trial witnesses Linda Danforth, Betsy Fox, Job Branch, and Anne Martin, will be reimbursed to Lindsey.  Plaintiffs have failed to meet their burden of showing with even a modicum of evidence that they would suffer undue hardship if they were required to pay these costs. They point only to Lindsey's status as a "multi-million dollar corporation with operations in several states," (Doc. 376, p. 3), and claim generally that paying costs "would impose a substantial hardship on Plaintiffs," (Doc. 360, p. 2).  This is insufficient to overcome the presumption that Lindsey, as the party that prevailed at trial, should not recoup the costs they legitimately incurred.  Accordingly, Lindsey's request for costs is **GRANTED** as to the deposition costs for Linda Danforth ($1,375.10), Chad Lochridge ($1,030.00), Everette Lochridge ($1,173.00), Twyla Lochridge ($1,615.50), Patricia Leach ($1,529.00[7]), Carlis Smith ($1,133.00), Lydia Smith ($1,902.50), Rebecca Smith ($1,512.50), Betsy Fox ($129.25 plus $138.00, for two depositions), Job Branch ($393.50), and Anne Martin

---

[7] The claimed cost for this deposition was $1,559.00; however, the Court subtracted the unreasonable charge of $30.00 for "FedEx Overnight Processing and Delivery" from the total.

($189.00).  The grand total award for these deposition costs is $12,120.35.

## 2.  Costs of Copying and Exemplification

Lindsey requests its costs for copying and scanning documents in the amount of $1,030.96.  Included in this total is a $367.32 charge for "Litigation Scanning," an $80.50 charge for "Tabs—Standard Index," a $56.43 charge for "[Color] 8.5X11 Scans" in addition to a separate charge for color copies, a $25.00 charge for "CD Creation," and a $30.00 charge for "Project Management."  (Doc. 359-1, p. 22).  The Court in its discretion finds the above charges to be excessive and generally unnecessary for trial, and **DENIES** reimbursement to Lindsey for these particular costs.  The rest of the copying costs for $336.71 in "Copy Work" and $56.43 in "[Color] 8/5X11 Copies" appear proper.  Therefore, the Court **GRANTS** Lindsey recovery in the amount of $393.14 in copying costs, plus sales tax of 0.0825% of the total, or $32.43 in sales tax.  The grand total award of costs for the copying requested in the first Bill of Costs (Doc. 359) is $425.57.

Lindsey also requests costs associated with the fabrication of trial boards, which it claims were used as demonstrative exhibits during the trial. (Doc. 359-1, p. 23).  The Court has no information about these trial boards, as neither party described them with any particularity in its briefing, and the undersigned was not the trial judge in this case and therefore did not observe exactly how the boards were used at trial.  The Exhibit List (Doc. 357) offered by Lindsey, which was filed of record by Judge Hendren after the trial, lists two demonstrative exhibits, one depicting a "hierarchy at each property managed by Plaintiffs," and another "identifying responsibilities of Plaintiffs."  (Doc. 357, p. 2).  The Exhibit List also includes a "Map of southeastern part of United States" and an exhibit called "Facing Your

Giants," which apparently spans a number of pages. *Id.* Turning to the bill for these demonstratives, there is a charge of $19.25 for "assembly" and "velcro"; a $170.00 project management fee; an $810.00 charge for five trial boards, with no explanation as to what the trial boards entailed or how they were created; and a $168.00 charge to laminate 32 items, again, without any explanation of what the items were. *See* Doc. 359-1, p. 23.

There is insufficient evidence in the record for the Court to critically evaluate whether all the items billed by Lindsey for "demonstrative trial boards" were necessary for trial, or instead were more along the lines of an extravagant, unneeded purchase. Further, the Court will not speculate as to whether the lamination of 32 unspecified items was necessary for one or all of the five trial boards, whether all five boards were actually used at trial and were necessary to be used, or whether the Exhibit List, which appears to include only two or three demonstratives, is a more accurate snapshot of what Lindsey presented to the jury. The Court in its discretion therefore **DENIES** Lindsey's request for the exemplification costs of demonstrative exhibits in the amount of $1,263.55.

### B.  Second Bill of Costs (Doc. 375) Relating to the Appeal

The second Bill of Costs requests $812.85 in filing and copying fees related to the appeal, and $3,510.35 in transcript fees. The request for $812.85 is **GRANTED**, as per the directive of the Court of Appeals. *See* Doc. 374. Lindsey's additional request for costs related to its production of the trial transcript is **DENIED**. According to Federal Rule of Appellate Procedure 39(e)(2), the cost of a transcript made for purposes of appeal is only compensable if it is "needed to determine the appeal." Here, the Court finds that the trial transcript was not needed, as the Eighth Circuit's Opinion (Doc. 373-2) did not rely on it in

any respect, and only focused on a pure issue of law.

## IV. CONCLUSION

For the reasons explained herein, **IT IS ORDERED** that Defendant Lindsey Management Co. Inc.'s first Bill of Costs (Doc. 359) is **GRANTED IN PART AND DENIED IN PART** as follows: deposition costs in the amount of $12,120.35 and copying costs in the amount of $425.57 are **GRANTED**, and all other requests for costs are **DENIED**.

**IT IS FURTHER ORDERED** that Lindsey's second Bill of Costs (Doc. 375) is **GRANTED IN PART AND DENIED IN PART** as follows: appellate costs for filing fees and copying in the amount of $812.85 are **GRANTED**, and all other requests for costs are **DENIED**.

The grand total award of costs that Plaintiffs owe to Lindsey in this matter is therefore **$13,358.77**.

**IT IS SO ORDERED** on this 15th day of November, 2016.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE